UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SAMUEL D. ROSEN,

                              Petitioner,


              -against-                                    05 Civ. 4211 (LAK)


PAUL, HASTINGS, JANOFSKY & WALKER LLP,

                              Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


                    **MEMORANDUM OPINION**


              Appearances:


                              Samuel D. Rosen
                              Petitioner *Pro Se*


                              Zachary D. Fasman
                              Allan S. Bloom
                              PAUL, HASTINGS, JANOFSKY & WALKER LLP
                              *Attorneys for Respondent*


LEWIS A. KAPLAN, *District Judge.*

              Petitioner, an attorney, was a partner in the respondent law firm under an agreement

that expired on January 31, 2003.  In 2002, the parties entered into an arbitration agreement

providing, generally speaking, for arbitration of claims *inter se.*  A dispute arose as to whether

plaintiff was entitled to be paid for vacation days he did not take while a partner of the firm.  This

led to an arbitration in which the arbitrator, former Magistrate Judge Kathleen A. Roberts, entered

an award against petitioner but awarded sanctions in his favor against respondent. The matter is before the Court on petitioner's application to confirm so much of the award as imposed sanctions and vacate so much as denied his claim for vacation pay and respondent's cross-motion to dismiss.

*Facts*

The procedural provisions rather than the scope of the arbitration agreement are pivotal here. Broadly speaking, it provided for a trial before an arbitrator, sitting in substance as if she were a federal district judge and without a jury, after limited discovery. It then provided:

> "Either party shall have the right, within twenty (20) days of issuance of the Arbitrator's opinion, to file with the Arbitrator a motion to reconsider the award (accompanied by a supporting brief); and the other party shall have twenty (20) days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues raised by the motion and response. The Arbitrator shall within thirty (30) days following the response to the motion either confirm or change the award. The decision (except as provided by this Agreement) shall then be final and conclusive upon the parties."

Further, the agreement contemplated judicial review in relevant part as follows:

> "Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. A party opposing enforcement of an award may not do so solely in an enforcement proceeding, but must also bring a separate action in any court of competent jurisdiction to set aside the award."

On November 29, 2004, the arbitrator issued the award referred to above. Two weeks later, the law firm moved in New York Supreme Court to confirm the award. Petitioner then moved for reconsideration of so much of the award as rejected his claim for vacation pay. On February 4, 2005, the arbitrator denied petitioner's motion. The law firm then sent a copy of the arbitrator's order to the state court judge before whom its petition to confirm was pending. On March 1, 2005,

New York Supreme Court issued an order confirming the award. The sole ground advanced by petitioner in opposition to confirmation of the award was that it was not final, a contention rejected by the state court judge.

Petitioner then sought to appeal the state court order to the Appellate Division, but the Clerk of the Appellate Division allegedly refused to accept the notice on the ground that no judgment had been entered below because the lower court allegedly lacked jurisdiction on the theory that the arbitrator's award lacked the affirmation required by N.Y. C.P.L.R. 7507. Petitioner thereupon withdrew his notice of appeal and filed this action.

At or about the same time, the alleged defect in the award evidently having been called to her attention, the arbitrator issued new copies of the November 29, 2004 and February 4, 2005 awards, in each case bearing an affirmation dated May 11, 2005. Judgment confirming the November 29, 2004 award was filed in New York Supreme Court on May 13, 2005. Petitioner appealed. That appeal now is pending before the Appellate Division.

*Discussion*

The petition here seeks judgment confirming so much of the award as imposed sanctions on respondent and vacating so much as denied petitioner's claim for unpaid vacation. The state court judgment filed on May 13, 2005 confirmed the November 29, 2004 award in its entirety. Respondent moves to dismiss the petition on the ground that it is barred by *res judicata.*

*Claim Preclusion Generally*

The full faith and credit statute[1] requires that a federal court give a state judgment the same preclusive effect that the state itself would give that judgment.[2]  It applies to judgments confirming arbitration awards.[3]  The question therefore is whether petitioner's action to confirm in part and vacate in part the arbitration award would be barred by the May 13, 2005 New York state court judgment confirming the award.

Under New York law, the doctrine of claim preclusion bars litigation of claims or defenses that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits and arose out of the same factual grouping as the later claim, even where the later claim is based on different legal theories or seeks dissimilar or additional relief.[4]

---

[1]

28 U.S.C. § 1738.

[2]

*See Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000) (same); *Davidson v. Capuano*, 792 F.2d 275, 277-78 (2d Cir. 1986) (same); *see also* 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 4469 (2002).

[3]

*See, e.g., JSC Sec., Inc. v. Gebbia,* 4 F. Supp.2d 243, 250 (S.D.N.Y. 1998); *Grafstrom v. Bear,* No. 85 Civ. 3679 (JFK), 1986 WL 13806, at *1 (S.D.N.Y. Nov. 24, 1986).

[4]

*Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982)) (applying New York law); *see also Parker v. Blauvelt Vol. Fire Co.*, 93 N.Y.2d 343, 347-48, 690 N.Y.S.2d 481, 478 (1999)*; Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192-93, 445 N.Y.S.2d 68, 71 (1981); *Reilly v. Reid*, 45 N.Y.2d 24, 29-30, 407 N.Y.S.2d 645, 648-49 (1978) (adopting Restatement approach to *res judicata*); *Newton Garment Carriers, Inc. v. Consol. Carriers Corp.*, 250 A.D.2d 482, 482-83, 673 N.Y.S.2d 631, 632 (1st Dep't 1998) ("claim preclusion[] forecloses a party from .

Petitioner's claim for partial confirmation and partial vacatur of the arbitration award undeniably arises out of the same factual grouping as respondent's state court claim for unqualified confirmation. The May 13, 2005 state court judgment is final for *res judicata* (claim preclusion) purposes notwithstanding the pendency of an appeal.[5] Thus, the state court judgment bars petitioner's claim to vacate so much of the award as denied his claim for unpaid vacation unless some exception to the general rule of preclusion applies.

*Competency of the State Court*

Petitioner first argues that claim preclusion is inapplicable because he did not argue in the state court that the award should have been vacated in part and that the state court therefore did not determine that issue. Indeed, he says, the state court could not properly have done so because the arbitration agreement provided that "[a] party opposing enforcement of an award may not do so solely in an enforcement proceeding, but must also bring a separate action in any court of competent jurisdiction to set aside the award." He thus appears to allude to the principle that claim preclusion does not apply where the party against whom preclusion is asserted was unable in the first action to obtain complete relief because of limitations on the subject matter jurisdiction of or other obstacles

---

. . raising issues or defenses that might have been litigated in the first suit") (citing *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485, 414 N.Y.S.2d 308, 310-11 (1979)).

[5]     *Petrella v. Siegel,* 843 F.2d 87, 90 (2d Cir. 1988) (New York law); *Antonious v. Muhammed,* 873 F. Supp. 817, 823-24 (S.D.N.Y. 1995) (same); *Parkhurst v. Berdell,* 110 N.Y. 386, 392-93, 18 N.E. 123 (1888); *Beard v. Town of Newburgh,* 259 A.D.2d 613, 614, 686 N.Y.S.2d 809, 810 (2d Dep't 1999).

in the initial forum.[6]

Petitioner is correct in suggesting that the New York state court that confirmed the award could not have vacated so much of it as petitioner attacks, as the arbitration agreement specifically required the commencement of "a separate action to set aside the award." On the other hand, there is nothing in the arbitration agreement that precluded petitioner from opposing confirmation by the state court on the ground that he now asserts in this action, i.e., that the arbitrator erred in deciding the vacation pay issue.[7] Indeed, the arbitration agreement confirmed what would have been the law in any case when it stated that a party resisting enforcement of an award "may not do so *solely* in an enforcement proceeding, but must *also* bring a separate action in any court of competent jurisdiction to set aside the award."[8] It thus expressly contemplated that any objections to enforcement could be raised both defensively in a confirmation proceeding and in a separate action to set aside an award.

---

[6]  See. e.g,, *Parker*, 93 N.Y.2d at 349, 690 N.Y.S.2d at 482 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(c) (1982)); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(c) cmt. c; *Leather v. Eyck*, 180 F.3d 420, 425 (2d Cir. 1999) (New York law); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (claim preclusion inapplicable under New York law where "'the initial forum did not have the power to award the full measure of relief sought in the later litigation'") (quoting *Davidson*, 792 F.2d at 278); *Heimbach v. Chu*, 744 F.2d 11, 14 (2d Cir. 1984) (application of claim preclusion depends on whether "court in which the first action was brought would have been willing and able to consider the theory that is being advanced in the second action.").

[7]  The notes to N.Y. CPLR § 7510 state that "the grounds for vacating or modifying an award may be urged in opposition to a motion to confirm although a motion [to vacate] based on such grounds is not then timely." 7B MCKINNEY'S CONSOL. LAW of N.Y. C.P.L.R. 7001 to 7700, at 740  (McKinney 1998); *accord, Brentnall v. Nationwide Mut. Ins. Co.,* 194 A.D.2d 537, 598 N.Y.S.2d 315 (2d Dept. 1993); *State Farm Mut. Auto. Ins. Co. v. Firemen's Fund Ins. Co.,* 121 A.D.2d 529, 504 N.Y.S.2d 24 (2d Dept. 1986); 5 N.Y. JUR.2D, *Arbitration and Award* § 222, at 438 (1997).

[8]  Emphasis added.

The rationale for the principle to which petitioner alludes is that "it is unfair to preclude [a party] from a second action" where formal barriers existed that prevented the party from asserting in an initial action its "entire claim including any theories of recovery or demands for relief that might have been available to" it.[9] This makes good sense where, for example, a litigant withholds in an initial action a claim, or perhaps even a defense based on facts that also would give rise also to right to affirmative relief, because the claim or the affirmative relief is beyond the power of the initial court. But this situation is decidedly different. Here the only question that remained following the issuance of the award, and specifically its determination that petitioner was not entitled to vacation pay, was whether the award would remain binding on the parties after judicial review. Hence, petitioner in substance could have obtained in the state proceeding exactly what he seeks here – a determination that the arbitrator erred in finding that he was not entitled to vacation pay. It makes no difference to either party whether that issue is resolved by confirmation or non-confirmation of the award or by the grant or denial of a petition to set the award aside. Accordingly, petitioner's suggestion that claim preclusion does not apply because the state court could not have set aside the arbitration award in the respondent's proceeding to confirm is unpersuasive.

*Alleged* Ex Parte *Communications*

Petitioner next appears to argue that the state court judgment is not entitled to full faith and credit because it "was obtained solely upon Respondent's ex parte communications with the Arbitrator who, despite then being functus ex offico, belatedly 'affirmed' her awards on May 11,

---

[9]

RESTATEMENT (SECOND) OF JUDGMENTS § 26, cmt. c, at 236.

2005" and an alleged *ex parte* communication with the state court judge. The former apparently is a reference to the fact that the arbitrator, apparently having learned of the omission from the award of the C.P.L.R. 5707 affirmation, affixed the affirmation to and reissued the awards, following which the state court filed a judgment based upon its previous orders.

The application of principles of former adjudication does not depend on the freedom from error or irregularity of the judgment asserted.[10] Petitioner's remedy for any such impropriety lies on an appeal to the Appellate Division or in an appropriate post-judgment application to the state courts.[11]

*Jurisdiction of the State Court*

As noted above, the arbitration agreement provided that:

"Either party shall have the right, within twenty (20) days of issuance of the Arbitrator's opinion, to file with the Arbitrator a motion to reconsider the award (accompanied by a supporting brief); and the other party shall have twenty (20) days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues raised by the motion and response. The Arbitrator shall within thirty (30) days following the response to the motion either confirm or change the award. The decision (except as provided by this Agreement) shall then be final and conclusive upon the parties."

Based on this language, petitioner next argues that the state court lacked subject matter jurisdiction because the November 29, 2004 award, which was confirmed by the state court, was not final and therefore not subject to confirmation.

---

[10] *E.g., Reilly v. Reid* , 45 N.Y.2d 24, 27, 407 N.Y.S.2d 645, 647-48 (1978); *Mayes v. UVI Holdings, Inc.,* 280 A.D.2d 153, 158-59, 723 N.Y.S.2d 151, 154 (1st Dep't 2001); RESTATEMENT (SECOND) OF JUDGMENTS § 17, cmt. d.

[11] *Id.*

No one disputes the proposition that a judgment rendered in the absence of subject matter jurisdiction is entitled to no preclusive effect. But petitioner confuses the existence of subject matter jurisdiction with a claim that the judgment by the state court was erroneous. Moreover, the state court effectively decided this issue against him and that determination is binding here.

The arbitration clause quoted above is subject to at least two possible interpretations. Petitioner's theory is that only an award rendered following a motion to reconsider is final. As stated, this would be absurd, as it implies that an award that is not followed by a motion to reconsider never would become final. So, giving petitioner the benefit of the doubt, the Court takes him to suggest that the agreement means that an arbitration award is not final unless either (1) the award is issued following a motion for reconsideration, or (2) the time within which to seek reconsideration has expired after an initial award without reconsideration being sought. On the other hand, it perhaps is plausible to construe the clause as meaning that any award that purports to dispose of the entire claim is final and subject to confirmation, subject to the possibility that a motion for reconsideration might result in a new award that would overturn or moot the original award.

The Supreme Court of the State of New York, unlike a federal district court, is a court of general jurisdiction.[12] It unquestionably had the power to decide respondent's petition to confirm the award. Whether it did so correctly is another matter, but not one properly reviewable by this Court. Moreover, petitioner's argument would be without merit even if the question he raises actually did go to the state court's jurisdiction.

The state court decision demonstrates that petitioner there argued that "that the

---

[12] *E.g.*, N.Y. Const. art. 6, § 7, subd. a (McKinney 2001); David D. Siegel, New York Practice §§ 8, 12 (3d ed. 1999).

[November 29, 2004] award is not final since he has requested reconsideration of the award by the arbitrator in a motion filed with the arbitrator on December 20, 2004."[13]  Thus, he made to the state court substantially the same argument he makes here.  The state court resolved it against him.  As every court has jurisdiction at least to determine whether it has jurisdiction,[14] the state court's determination that it had jurisdiction to confirm the award notwithstanding the pendency of the motion for reconsideration itself is preclusive as a matter of collateral estoppel.  Once again, petitioner's remedy for any claimed error in that respect is an appeal to the Appellate Division.

*The Claim that the State Court Judgment Dealt Only With the November 2004 Award*

Petitioner finally argues that the state court judgment confirmed only the November 29, 2004 award whereas he attacks the February 4, 2005 award.  But this is a distinction without a difference.  The latter is identical in all substantial respects to the former, as that it simply denied a motion for reconsideration of the former.  Indeed, both awards were affirmed by the arbitrator on May 11, 2005, and judgment was entered thereafter.  Petitioner has no bases for upsetting the February 4, 2005 award that are not foreclosed by the judgment confirming the earlier award.

---

[13]  Bloom Aff. Ex. D, at 2.

[14]  *See, e.g., United States v. Ruiz,* 536 U.S. 622, 628 (2002); *Morgenthau v. Cooke,* 56 N.Y.2d 24, 29 n.3, 451 N.Y.S.2d 17, 19 n.2 (1982); *Janis v. Janis,* 179 Misc.2d 199, 202, 684 N.Y.S.2d 426, 429 (Sup. Ct. West. Co. 1998) (collecting cases).

*Conclusion*

For the foregoing reasons, respondent's cross-motion to dismiss the petition is granted. Petitioner's motion to vacate the February 4, 2005 award is denied as moot.

SO ORDERED.

Dated: July 28, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)